disregarded' the contours of the bargain expressed in outline by the collective bargaining agreement." Stead Motors, 886 F.2d at 1205 n.6.

The Arbitration Award drew its essence from the CBA, as the Arbitrator determined that the CBA did not require KGM to pay the medical insurance premiums for Marinas. The Arbitrator first examined the express language of the CBA, finding that it did not specifically address the issue. In other words, the Arbitrator first determined that the language of the CBA did not expressly require KGM to continue to pay Marinas's medical insurance premiums.

The Arbitrator then looked to outside evidence to help him determine whether the parties had intended for the KGM CBA to provide medical insurance coverage for Marinas without explicitly stating so. The Arbitrator determined that the KGM CBA was sufficiently ambiguous to justify his receipt of and reliance on evidence to help him determine whether KGM and the Union had intended for Marinas to receive medical insurance after August 2004 at KGM's expense. Based on the failure of the Union to have the language it proposed included in the CBA, and based on the parties' agreement that they intended to continue their "current practice," which the Arbitrator determined was set forth in the Employee Handbook, the Arbitrator ruled in KGM's favor, holding that the CBA did not require KGM to continue to pay Marinas's