IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KAANAPALI GOLF MANAGEMENT, INC., <br><br>     Petitioner, <br><br> vs. <br><br> INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 142, <br><br>     Respondent. | CIVIL NO. 05-00672 SOM-KSC <br><br> ORDER FINDING AND RECOMMENDING THAT PETITIONER'S MOTION FOR ATTORNEYS' FEES BE DENIED |

ORDER FINDING AND RECOMMENDING THAT PETITIONER'S MOTION
FOR ATTORNEYS' FEES BE DENIED

On January 27, 2006, Petitioner Kaanapali Golf Management, Inc. ("Petitioner") filed Kaanapali Golf Management, Inc.'s Motion for Attorneys' Fees ("Motion"). Pursuant to Fed. R. Civ. P. 54(d)(1), this matter was designated to this Court by United States District Judge Susan Oki Mollway on January 30, 2006.

Pursuant to Local Rule 7.2(d), the Court finds this Motion suitable for disposition without a hearing. After careful consideration of the Motion, the

supplemental memoranda, and the record herein, the Court FINDS and RECOMMENDS that Petitioner's Motion be DENIED.

## Background

On March 7, 2006, this Court issued an Order Finding and Recommending that Petitioner's Motion for Attorneys' Fees be Granted. The Court noted that neither a statement of consultation nor an opposition to the Motion had been filed. Nevertheless, the Court relied on Hawaii Revised Statute ("H.R.S.") § 658A-25 and granted the Motion.

On March 17, 2006, Respondent International Longshore and Warehouse Union, Local 142 ("Respondent") filed a Motion for Reconsideration of the Court's March 7, 2006 Findings and Recommendation. On April 9, 2006, the Court, after finding that Respondent did not have an adequate opportunity to respond to Petitioner's Motion, granted Respondent's Motion for Reconsideration and gave the parties an opportunity to file supplemental memoranda addressing the substantive issues presented in Petitioner's Motion for Attorneys'

2

Fees.

On April 27, 2006, Petitioner filed Petitioner's Supplemental Memorandum in Support of Its Motion for Attorneys' Fees, Filed January 27, 2006 and Statement of Consultation Pursuant to Local Rule 54.3(b).  On April 29, 2006, Respondent filed Respondent's Memorandum in Opposition to Petitioner's Motion for Attorneys' Fees.

This action stems from a grievance filed by Respondent on behalf of Mario Marinas.  Respondent claimed that Petitioner was obligated under the collective bargaining agreement to continue medical insurance coverage beyond July 2004.  On September 28, 2005, Arbitrator Louis Chang issued an Arbitration Decision in favor of Petitioner and determined that the parties intended to continue with Petitioner's then existing practice of continuing medical coverage for a three month period only after an employee went on disability leave.

On October 5, 2005, Respondent requested that Arbitrator Chang reconsider his decision pursuant to

3

H.R.S. § 658A-20. On November 2, 2005, Arbitrator Chang denied Respondent's request for reconsideration. On October 25, 2005, Petitioner filed a Motion to Confirm Arbitration Award in federal court. On December 9, 2005, Respondent filed its Counter Petition to Vacate Arbitration Award. On January 12, 2006, after a hearing on the matter, the Court confirmed the arbitration award. On January 13, 2006, final judgment in favor of Petitioner was entered.

Petitioner requests that the Court grant an award of reasonable attorneys' fees pursuant to H.R.S. § 658A-25. Petitioner claims that Respondent invoked state statutory authority by seeking reconsideration of Arbitrator Chang's decision and Respondent "contested" Petitioner's "Petition to Confirm Arbitration Award" filed on October 25, 2005. Petitioner claims it has incurred attorneys' fees in the amount of $2,670.00 plus $112.00 in general excise tax for a total of $2,782.00 in connection with the filing and adjudication of the Petition.

Respondent argues that the Federal Arbitration

4

Act ("FAA"), not H.R.S. § 658A-25, should govern the resolution of Petitioner's Motion. Respondent argues that in filing its Petition to Confirm the Arbitration Award, Petitioner invoked this Court's jurisdiction pursuant to the FAA and cannot now rely on the attorneys' fees provision contained in H.R.S. § 658A-25, the Hawaii Arbitration Act ("HAA"). Respondent argues that under the FAA, Petitioner would not be able to recover fees.

## Analysis

The threshold issue before the Court is whether the HAA or the FAA applies in this case.

H.R.S. §658A-25(c) provides:

1. On application of a prevailing party to a contested judicial proceeding under section 658A-22, 658A-23, or 658A-24, the court may add reasonable attorney's fees and other reasonable expenses of litigation incurred in a judicial proceeding after the award is made to a judgment confirming, vacating without directing a rehearing, modifying, or correcting an award.

H.R.S. § 658A-25(c).

H.R.S. § 658A-22 provides:

5

> After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

H.R.S. § 658A-22.

Pursuant to the HAA, a prevailing party may seek confirmation of an arbitration award in state court and attorneys' fees related thereto. However, in this case, Petitioner chose to file a Petition to Confirm Arbitration Award in federal court, invoking federal jurisdiction pursuant to the FAA, 9 U.S.C. §9 and §13. Therefore, the Court finds that since Petitioner invoked federal court jurisdiction based on the FAA and chose to seek confirmation of the award in federal court, the FAA, not the HAA, applies in determining whether to award attorneys' fees. Petitioner cannot have it both ways by relying on the FAA to initiate a suit in federal court and then seeking to apply the HAA's attorneys' fees provisions.

6

Other courts have similarly declined to apply state law in considering whether to award attorneys' fees in an action seeking confirmation of an award brought pursuant to the FAA. For example, the Seventh Circuit has stated,

> [T]here is nothing in the Federal Arbitration Act itself that would authorize a district court to go beyond confirming an arbitrator's award and independently award additional attorneys' fees. In fact, since the Act "makes no provision for taking of evidence on an issue such as attorneys' fees, ...the court [would be] powerless to receive evidence concerning attorneys' fees and award any amount it would find appropriate." Therefore, the district court was correct in refusing to bootstrap the Illinois Consumer Fraud Act's attorneys' fees provision into section 9 of the Federal Arbitration Act.

Menke v. Monchecourt, 17 F.3d 1007, 1009 (7th Cir. 2000)(internal citations omitted).

Similar circumstances exist in this case to those presented in Menke. Here, Petitioner attempts to bootstrap the attorneys' fees provision of the HAA into the FAA. As stated above herein, the Court declines to

7

apply the attorneys' fees provision contained within the HAA in this case.  Since the FAA itself does not give this Court authority to award attorneys' fees, the Court will consider whether other authority exists that would permit an award of attorneys' fees.  See Menke, 17 F.3d at 1009.

The Court has discretion to award attorneys' fees to a prevailing party if his adversary "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Wellman v. Writers Guild of America, West, Inc., 146 F.3d 666, 674 (9th Cir. 1998)(quoting Sheet Metal Workers v. Madison Indus. Inc., 84 F.3d 1186, 1192 (9th Cir. 1996).  In addition, the Court has discretion to award attorneys' fees as a sanction for filing a frivolous appeal. See International Union of Petroleum and Indus. Workers v. Western Indus. Maint., Inc., 707 F.2d 425, 430 (9th Cir. 1983).  An appeal is frivolous if "the result is obvious or the arguments of error advanced are wholly without merit." Id. (citation omitted).  The Court does not find that Respondent has acted in bad faith nor has it filed a frivolous appeal

8

in this case.

Consequently, the Court FINDS and RECOMMENDS that Petitioner's Motion for Attorneys' Fees be DENIED.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, May 8, 2006.



Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 05-00672 SOM-KSC; KAANAPALI GOLF MANAGEMENT, INC. Vs. INTERNATIONAL LONGSHORE AND WAREHOUSE UNION, LOCAL 142; FINDINGS AND RECOMMENDATION THAT PETITIONER'S MOTION FOR ATTORNEYS' FEES BE DENIED